IN THE OREGON TAX COURT
REGULAR DIVISION

David B. SHARPS,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4684)

David B. Sharps, Plaintiff (taxpayer) filed the motion *pro se*.

Joseph A. Laronge, Assistant Attorney General, Department of Justice, Salem filed a response for Defendant (the department).

Decision rendered March 9, 2006.

## HENRY C. BREITHAUPT, Judge.

## I. INTRODUCTION

This matter comes before the court on a motion for partial summary judgment filed by Plaintiff (taxpayer). This was the second of a series of motions, which the parties and the court agreed would be used to decide subsets of issues comprising Plaintiff's claim. That claim relates to proper calculation of interest on amounts, which the parties agree were overpayments of property tax by taxpayer. The first of those motions has been decided, in favor of Defendant (the department) on the question of the rate of interest to be applied in the calculations of amounts due to taxpayer.

This motion raises the question of how partial refund payments should be treated where checks were drawn in favor of and delivered to taxpayer, even though taxpayer did not cash or else refused to accept those checks.

## II. FACTS

These facts are from a stipulation filed by the parties. For several years Linn County (the county) assessed taxpayer's property and taxpayer appealed that action to the county Board of Property Tax Appeals (BOPTA) and the Magistrate Division of this court. From the stipulation, it appears that some confusion and timing problems occurred in adjusting values as cases matured and decisions were rendered, sometimes in mid-cycle for the next year. However, the adjustments in assessed value for the property in question, measured, as must be done, on a year-by-year basis, never resulted in an increased value for the property. Rather assessed values were reduced, if changed at all.[1] In any case, on two occasions, the county adjusted roll values downward from what they had been and prepared a check to refund tax to taxpayer. In one case taxpayer received the check but has refused to cash it. In another case taxpayer refused delivery of the check.

---

[1] The stipulation indicates one small increase for the 2000-01 tax year, but there is no indication that this led to any increased payment of tax for that year.

## III. ISSUE

For purposes of computing amounts of interest due to taxpayer on refunds of tax that accrue interest under ORS 311.812,[2] how are payments made by check by a county to be treated where a taxpayer refuses or does not cash such checks?

## IV. DISCUSSION

■ ORS 311.806 provides for refunds of property tax in certain situations. ORS 311.812 provides a limited set of cases in which interest on such refunds is to be paid. ORS 311.812 specifies when interest computation is to start but does not explicitly specify when it is to terminate. Logically, termination would be the date of payment of the refund. The court concludes such payment terminates the accrual of interest. At that point the taxpayer has access to the funds and the county must adjust its records. *See* ORS 311.806.

■ Taxpayer argues that he is entitled to refuse payment because payment cannot legally be made before a case is completed. He also argues that early negotiation of a check would expose him to the possibility of later deficiency assessments bearing interest at a higher rate than that to which he is entitled on underpayment. Neither argument is well taken. No statute prevents a refund of the type involved here, for a particular year in question, after a decision in the Magistrate Division of this court for such year where no appeal was taken. At that point, the case for the year in question has been completed. The fact that there may be other years in litigation is of no moment. ORS 311.806 contemplates that unappealed decisions of this court, if in favor of the taxpayer, trigger a duty for the county to pay a refund.

Nor does any statute justify taxpayer in refusing a payment because of fear of later adjustment that could result in exposure to interest on some underpayment. First, there having been an adjudication in each instance presented here, it does not appear there could be a later adjustment for any given year. Second, even if there could be, as to any particular year, a later determined liability, ORS 311.513 provides that

---

[2] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.

interest is payable only from and after a final resolution of the controversy for that year. Taxpayer's fear of interest exposure is unfounded.

## V.   CONCLUSION

After reviewing the motion and response, and being fully apprised of the premises, for the above-stated reasons, the court finds that the accrual of interest terminates upon payment and the rates of interest are determined by the legislature. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment is denied.